|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| JENNIFER G., | |
|---|---|
| Plaintiff, | CASE NO. C19-5304-MAT |
| v. | |
| ANDREW M. SAUL,<br>Commissioner of Social Security, | ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |
| Defendant. | |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the Appeals Council's decision, the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1973.[1] She has one year of college education, and has

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

worked as a childcare provider, security equipment installer, airport security screening officer, laundromat manager, and patient registration representative. (AR 63, 69-74, 334-38.)

Plaintiff applied for SSI in October 2013 and DIB in April 2014. (AR 17, 122, 273-79.) Those applications were denied and Plaintiff timely requested a hearing. (AR 145-48, 150-52, 157-60.)

On December 14, 2016; April 12, 2017; and September 25, 2017; ALJ Marilyn Mauer held hearings, taking testimony from Plaintiff and a vocational expert (VE). (AR 39-121.) On October 24, 2017, the ALJ issued a decision finding Plaintiff not disabled. (AR 17-32.) Plaintiff timely appealed. The Appeals Council granted Plaintiff's request for review, and entered a decision on February 14, 2019, finding Plaintiff not disabled. (AR 1-8.) Plaintiff appealed this decision of the Commissioner to this Court.[2]

## JURISDICTION

The Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The Commissioner found Plaintiff had not engaged in substantial gainful activity since October 1, 2013, the amended alleged onset date. (AR 5, 20.) At step two, it must be determined whether a claimant suffers from a severe

---

[2] The final decision of the Commissioner is the Appeals Council's decision, but the Appeals Council incorporated by reference much of the ALJ's decision. (AR 1-8.) Thus, this Order hereinafter refers to the findings of the Appeals Council and the ALJ collectively as the decision of "the Commissioner," and refers to the findings in the decisions separately only where necessary.

impairment. The Commissioner found severe Plaintiff's asthma, obesity, bilateral thumb joint osteoarthritis, history of colitis, anxiety, depression, insomnia, and posttraumatic stress disorder (PTSD). (AR 5, 20-21.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The Commissioner found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 5, 21-22.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The Commissioner found Plaintiff capable of performing medium work with additional limitations: she can perform work without exposure to hazards such as unprotected heights and large moving equipment. She can work in a setting with no more than occasional exposure to inhaled irritants. She can understand, remember, and apply information consistent with the completion of tasks that require a GED reasoning level of 2 or less in a setting with no public contact and occasional co-worker contact. She requires access to a restroom, so she should not work in outdoor settings. (AR 5, 22-23.) With that assessment, the Commissioner found Plaintiff unable to perform any past relevant work. (AR 6, 29.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With citation to VE testimony, the Commissioner found Plaintiff capable of transitioning to other representative occupations, such as small products assembler, agricultural sorter, and office helper. (AR 6, 30-31.)

This Court's review of the Commissioner's decision is limited to whether the decision is

in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the Commissioner erred in (1) discounting her subjective symptom testimony; and (2) assessing certain medical evidence and opinions. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Subjective symptom testimony</u>

The Commissioner discounted Plaintiff's subjective testimony (AR 24-27), and Plaintiff argues that the ALJ's reasons for doing so are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). The Court agrees, for the following reasons.

First, the Commissioner noted that Plaintiff failed to follow through on recommendations that she engage in mental health counseling, but focused on medication management instead. (AR 24.) It is not clear how Plaintiff's failure to engage in counseling undermines her allegations, given that the Commissioner also found that medication "reasonably controlled" Plaintiff's symptoms. (AR 24.) The Commissioner further noted that Plaintiff alleged that her medication did not entirely resolve her symptoms and that she had problems accessing medication due to lack of funds (AR 24), but also found that the record showed that Plaintiff did not have "a need for more than modest treatment" (AR 27). These internally inconsistent findings do not convincingly

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

explain how Plaintiff's lack of counseling indicated that her symptoms were less severe than alleged.

The Commissioner went on to conclude that the medical opinion evidence shows that Plaintiff is not as limited as she alleges (AR 24-25), but the Commissioner's findings are conclusory and do not explain how the medical opinions contradict Plaintiff's allegations. In the absence of specific findings as to how the medical opinion evidence undermines Plaintiff's allegations, the Court does not find this reasoning to be convincing.

Lastly, although the Commissioner found that Plaintiff's activities undermined her allegations (AR 26), the Commissioner's reasoning is again unconvincing with respect to Plaintiff's ability to work. The Commissioner found that Plaintiff's ability to work short-term, part-time jobs was inconsistent with Plaintiff's testimony that she "never leaves her room" (AR 26), but the Commissioner failed to appreciate Plaintiff's description of the limited nature of these jobs as well as her testimony that her symptoms worsened since the time she had last worked. (*See* AR 72, 76, 78, 106-07.)

Because the Commissioner's reasons to discount Plaintiff's mental-health allegations are unconvincing, the Commissioner erred and must reconsider her allegations on remand.

### Medical evidence

Plaintiff challenges the Commissioner's assessment of two medical opinions, each of which will be considered in turn.

<u>Legal standards</u>

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another

doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Terilee Wingate, Ph.D.

Dr. Wingate examined Plaintiff in July 2015 and completed a DSHS form opinion describing her symptoms and limitations. (AR 624-31.) The Commissioner summarized Dr. Wingate's conclusions and found that the marked limitations indicated by Dr. Wingate were not consistent with the medical record, or with Plaintiff's ability to work as a childcare provider during the adjudicated period or her failure to follow through on counseling recommendations. (AR 27-28.) The Commissioner stated that the other parts of Dr. Wingate's opinion were consistent with the RFC assessment. (AR 25.)

As explained *supra*, the Court finds that the Commissioner's reasoning is not legitimate with respect to Plaintiff's failure to engage in counseling and her prior childcare work. On remand, the Commissioner shall reconsider Dr. Wingate's opinion and either credit it or provide legally sufficient reasons to discount it.

Nancy Armstrong, ARNP, & Shawna Purcell, M.D.

Plaintiff's treating provider, Ms. Armstrong, completed a form medical source statement in March 2017, which was affirmed by Dr. Purcell. (AR 745-47.) Although the ALJ had refused to consider this opinion because it was not submitted at least five days before the hearing (AR 17), the Appeals Council granted review to consider it, and found it was "inconsistent with other existing medical evidence of record" and did not warrant changing the ALJ's decision. (AR 5.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

Plaintiff challenges the Commissioner's assessment of the Armstrong/Purcell opinion as "conclusory." Dkt. 10 at 10. The Court agrees with this characterization, and because the Court has found that the Commissioner's assessment of the medical record contains erroneous reasoning, the Commissioner should reconsider the Armstrong/Purcell opinion on remand.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings. On remand, the Commissioner shall reconsider Plaintiff's testimony, Dr. Wingate's opinion, and the Armstrong/Purcell opinion.

DATED this 26th day of December, 2019.

Mary Alice Theiler
United States Magistrate Judge